## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CAROL CRUZ-ACEVEDO,**<br>***Individually on her own behalf and others similarly situated,***<br><br>Plaintiffs<br><br>v.<br><br>**CONAGRA FOODS, INC.,** *a Delaware corporation,***;**<br><br>Defendant | CIVIL NO.<br><br><br>**[CLASS ACTION FAIRNESS ACT]**<br>**28 U.S.C. § 1711, et. seq**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1  Plaintiff CAROL CRUZ-ACEVEDO, (hereinafter, "Plaintiff"), a Puerto Rico resident, pursuant to Rule 23 of the Federal Rules of Civil Procedure, brings this class action, on behalf of herself and of all other similarly situated persons, against Defendant, CONAGRA FOODS INC., for violations of Puerto Rico Consumer Laws against false advertising, violation of the Unfair Competition Laws, and fraud, deceit and/or misrepresentation. Specifically, Defendants have unlawfully, negligently, unfairly, misleadingly, and deceptively represented that its Chef Boyardee food products, sold in cans or other packaging, and which include foods such as macaroni & cheese, spaghetti, ravioli, lasagna, mini bites pasta, whole grain pasta, fun flavor pasta, pizza and sauces, ("the Products") contain "NO PRESERVATIVES" despite, in effect, containing unnatural ingredients, which are synthetic, artificial, and/or genetically modified, including but not limited to Citric Acid and/or preservatives. The following allegations are based upon

information and belief, including the investigation of Plaintiff's counsel, and the facts that are a matter of public record, as follows:

## NATURE OF THE ACTION

Plaintiff brings this circuit wise action individually and on behalf of a proposed class ("Class"), as more fully defined below, of similarly situated consumers, in Puerto Rico, and all U.S. Territories, seeking to redress the pervasive pattern of fraudulent, deceptive, false and otherwise improper advertising, sales and marketing practices, of Defendant ConAgra Foods, Inc., in violation of Puerto Rico Consumer Protection Laws codified at 23 LPRA § 1014 and 24 LPRA 729. Specifically, the Defendant deceptively informed Puerto Rico Consumers, on its Chef Boyardee product labels, that it contains "No Preservatives" and led its customers to believe that its products contain "No Preservatives" despite containing unnatural ingredients, which are synthetic, artificial, and/or genetically modified, including, but not limited to, Citric Acid and/or "other preservatives". Defendant obtained substantial profits from these unlawful and deceptive sales, entitling the putative Class to relief under Article 1802 of the Puerto Rico Civil Code.

## JURISDICTION, PARTIES AND VENUE

2.     Original jurisdiction of this Court exists by virtue of 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1711, et. seq. The Plaintiff, and the Defendant in this action, are citizens of different U.S. jurisdictions and territories and the amount in controversy in this action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs. Jurisdiction is also appropriate as Defendant ConAgra Foods Inc. otherwise intentionally avails itself of the Commonwealth of Puerto Rico market through its marketing and sales of the products in the Commonwealth of Puerto Rico and/or by having such other contacts with Puerto Rico so as to render the exercise of jurisdiction over it by the

District of Puerto Rico court consistent with traditional notions of fair play and substantial justice.

3. Venue is proper in this District under 28 U.S.C. § 1391(a), (b), and (c) because a substantial part of the events giving rise to these claims occurred in the District of Puerto Rico; Defendant and/or its agents were doing business in Puerto Rico; and/or Defendant is otherwise subject to personal jurisdiction in this judicial district.

**PLAINTIFFS**

4. For purposes of clarity, the Plaintiff is asserting claims on behalf of all consumers of Chef Boyardee food products, sold in cans or other packaging, in the Commonwealth of Puerto Rico and all other U.S. territories, who do not appear herein as named Plaintiffs.  The named plaintiff Carol Cruz Acevedo is a resident of the Commonwealth of Puerto Rico. Plaintiff purchased the Product in Puerto Rico within the month of the filing of this Complaint.  Specifically, Plaintiff purchased macaroni & cheese, spaghetti &meatballs, ravioli, lasagna at Ralph's Food Warehouse located in Gurabo, Puerto Rico. When purchasing the Products, the plaintiff relied upon the claim "No Preservatives" prominently and conspicuously displayed "front and center" on each and every product Chef Boyardee food products, as well as on all other advertising and promotional material, such as the ConAgra Foods, Inc., websites and television commercials.

5. Plaintiff viewed and relied upon the "No Preservatives" claim both at, and prior to, the point of sale. Had the plaintiff known the Product contains artificial or synthetic ingredients, and preservatives such as "citric acid", she would not have purchased the Product.  (See Exhibit A, purchase receipt).

## **DEFENDANT**

Defendant ConAgra, Inc. is a Delaware corporation with its principal place of business at One ConAgra, Omaha, NE 68102-5001. ConAgra is a multi-billion dollar corporation that owns and operates American packaged food companies. It produces canned foods, frozen foods, condiments, snacks, and so forth distributed under many different brands. Among these brands include Chef Boyardee, Orville Redenbacher, Marie Calendar, PAM, Slim Jim, Swiss Miss, Blue Bonnet, Healthy Choice, Hunts, and Hebrew National. At issue in this litigation is the Chef Boyardee pasta products, which Defendant distributes to retail consumers throughout Puerto Rico and U.S. territories, through supermarkets, big box stores, and whole-sale clubs nationwide including, but not limited to, CVS, Walmart, Walgreens, SAMS Club, and Costco Wholesale.

6.     Defendant is the owner, manufacturer and/or distributor of the Products, and is the company that created and/or authorized the unlawful, fraudulent, unfair, misleading and/or deceptive advertising and statements for the Products.

## **GENERAL ALLEGATIONS**

7.     Defendant ConsAgra Foods, Inc., has consistently conveyed the very specific message to consumers throughout the United States, Puerto Rico and U.S. Territories, including Plaintiffs and Class members, that the Chef Boyardee products contain "No Preservatives" and meaning *no ingredients*, which are synthetic, artificial, and/or genetically modified, including but not limited to Citric Acid and/or "other preservatives. ConAgra's ChefBoyardee website has the Class believing that its ChefBoyardee products are as fresh today as when cooked by the Chef in his restaurant. See, www.chefboyrdee.com

8.     Defendant's misleading marketing campaign begins with its deceptive description, "No

Preservatives", which is prominently represented in large font print on the front label of the Products. Such visual representations, combined with an image featuring freshly cooked foods, imply that the Products are nothing but freshly cooked pasta. Defendants' exhaustive advertising campaign builds on this deception.

9.  Besides labeling the Products as with "No Preservatives," Defendant conducted an extensive and widespread marketing campaign via the Internet, utilizing savvy social media marketing such as Facebook, Twitter, YouTube channel, Pinterest, Instagram, Tumblr, as well as other private blogs, all geared toward promoting the same idea to consumers, including Plaintiffs and Class members, that the Products contain nothing but natural freshly cooked food. .

10.  Defendant's labeling and advertising of the Products as "No preservatives" violate various Puerto Rico and federal laws against misbranding.

11.  The federal Food, Drug, and Cosmetic Act (the "FDCA") provides that "[a] food shall be deemed misbranded – (a) (1) its labeling is false or misleading in any particular." 21 U.S.C. § 343 (a)(1).

12.  Defendant's "No Preservatives" claims also violate various Puerto Rico laws against deceptive branding which mirror federal law. Puerto Rico law codified at 23 LPRA § 1014 and 24 LPRA 729 broadly prohibits the misbranding of food in language identical to that found in regulations promulgated pursuant to the FDCA, 21 U.S.C. §§ 343 *et seq.*

13.  Under the FDCA, the term "false" has its usual meaning of "untruthful," while the term "misleading" is a term of art. <u>Misbranding reaches not only false claims, but also those claims that might be technically true, although still misleading</u>. If anyone representation in the labeling is *misleading*, the entire food is misbranded. No other

statement in the labeling cures a  misleading statement. "Misleading" is judged in reference to "the ignorant, the unthinking  and  the credulous who, when making a purchase, do not stop to analyze." *United States v. El-O- Pathic Pharmacy*, 192 F.2d 62, 75 (9th Cir. 1951). <u>Under the FDCA, it is not necessary to prove  that anyone was actually misled.</u>

### *Definition of Natural*

14. The FDA did not intend to, and has repeatedly declined, to establish a final rule with regard  to a definition of  the term "No Preservatives"  in the  context of  food  labeling. As such, Plaintiffs' state consumer protection law claims are not preempted by federal regulations. See  *Jones v. ConAgra Foods, Inc.*, 2012 WL 6569393, *6 (N.D. Cal. Dec. 17, 2012). Additionally,  the primary jurisdiction doctrine does not apply "because the FDA has repeatedly declined  to  adopt formal rule-making that would define the word 'natural.'" *Id.* at p. 8.

15. The "FDA has not developed a definition for use of the term natural or its derivatives," but it has loosely defined the term "No Preservatives" as a product that "does not contain added  color,  artificial  flavors,  or  synthetic  substances."  According  to  federal regulations, an   ingredient is synthetic if it is:

> [a] substance that is formulated or manufactured by a chemical process
> or by a  process that chemically changes a substance  extracted from
> naturally occurring plant, animal, or mineral sources, except that such term
> shall  not  apply to  substances  created  by  naturally  occurring  biological
> processes. 7 C.F.R. §205.2.

16. Although there is not an exact definition of "No Preservatives" in reference to food, cosmetic or oral care ingredients, there is no reasonable definition of "No Preservatives" that includes  ingredients that, even if sourced from "nature," are subjected to extensive

transformative chemical processing before their inclusion in a product. For example, the National Advertising Division of the Better Business Bureau ("NAD") has found that a "No Preservatives" ingredient does not include one that, while "literally sourced in nature (as is every chemical substance), . . . is, nevertheless subjected to extensive processing before metamorphosing into the" ingredient that is included in the final product.

*Citric Acid Is Not a Natural Ingredient*

17. Citric acid (2-hydroxy-propane-1, 2,3-tricarboxylic acid) is a synthetic, non-natural ingredient. While the chemical's name has the word "citric" in it, citric acid is no longer extracted from the citrus fruit but industrially manufactured by fermenting certain genetically mutant strains of the black mold fungus, *Aspergillus niger*.

18. A technical evaluation report for the substance citric acid compiled by the United States Department of Agriculture, Agricultural Marketing Service ("USDA AMS") for the National Organic Program classified citric acid as "Synthetic Allowed". *See* **EXHIBIT B**, Page 4, *available*

*at* http://www.ams.usda.gov/AMSv1.0/getfile?dDocName=STELPRDC5067876. As one of the USDA AMS reviewers commented,

> "[Citric acid] is a natural[ly] occurring substance that commercially goes through numerous chemical processes to get to [its] final usable form. This processing would suggest that it be classified as synthetic." *Id.* at 3.

The report further explains, under the "How Made" question, that citric acid is made –

> "Traditionally by extraction from citrus juice, no longer commercially available. It is now extracted by fermentation of a carbohydrate substrate (often molasses) by citric acid bacteria, *Aspergillus niger* (a mold) or *Candida guilliermondii* (a yeast). Citric acid is recovered

from the fermentation broth by a lime and sulfuric acid process in which the citric acid is first precipitated as a calcium salt and then reacidulated with sulfuric acid." *Id.* at 4.

19. Because citric acid is a synthetic acid and cannot be reasonably considered a natural ingredient, Defendant's claim that the Products contain "No Preservatives" is false, deceptive, and misleading, and the Products are misbranded under federal and Puerto Rico law.

**Defendants' No Preservatives Claims Violate Identical Puerto Rico and Federal Law**

20. Defendant's labeling, packaging and marketing practices are deceptive and or misleading because the Products fail to disclose that the citric acid is used as a preservative and/or that the Products prominently represent on the front label, that they contain "No Preservatives." All Products use citric acid (2-hydroxypropane-1, 2, 3-tricarboxylic acid), a non-natural, highly chemically processed ingredient regularly used as a preservative (due to its acidic pH level which creates an environment where bacteria cannot thrive) in ready-to-eat packaged food products.

21. The FDCA provides that "[a] food shall be deemed misbranded – (a) (1) its labeling is false or misleading in any particular, or … (k) If it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, *unless* it bears labeling stating that fact… ." 21 U.S.C. §§ 343 (a)(1), 343 (k).

22. Defendant's packaging and advertising of the Products also violate Puerto Rico law against misbranding which mirror federal law. Puerto Rico law, 24 LPRA 729 broadly prohibits the misbranding of food in language identical to that found in regulations promulgated pursuant to the FDCA, 21 U.S.C. §§ 343 *et seq.*

23.  The term "chemical preservative" means "any chemical that, when added to food tends to prevent or retard deterioration thereof [.]" 2l C.F.R. § 101.22(a)(5).

24.  While citric acid is listed in the fine print on the back of the Product in the list of ingredients (see below), Defendant deliberately made no mention of the function of the citric acid in violation of state and federal laws.

25.  The real function of the citric acid in the Products is as a preservative. The U.S. Food and Drug Administration ("FDA") routinely required that food manufacturers disclose the fact that citric acid is used as a preservative.

26.  Defendant's misleading labeling practices go even further. Apart from not having disclosed the function of the citric acid, Defendant expressly labeled the Products as, "No Preservatives," even though such was patently false.

27.  Because the Products are expressly labeled as containing "No Preservatives," the Products are misbranded food under the FDCA and Puerto Rico laws which incorporate by reference federal food labeling regulations. 21 U.S.C. §§ 343(a) (1), 343(k); 24 LPRA 729.

28.  By representing the Products as "No Preservatives" and free of preservatives, Defendant sought to capitalize on consumers' preference for natural Products with no preservatives and the association between such Products and a wholesome way of life. Consumers are willing to pay more for natural Products because of this association as well as the perceived higher quality, health and safety benefits and low impact on the environment.

29.  As a result of Defendant's deception, consumers – including Plaintiffs and members of the proposed Class – have purchased Products that claimed to be "No Preservatives" and free of preservatives. Moreover, Plaintiffs and Class members have paid a premium

for the Products over other products sold on the market.

30. Although Defendant represented that the Products are "No Preservatives" and free of preservatives, they failed to also disclose material information about the Products; the fact that they contained unnatural, synthetic, and/or artificial ingredients which is used as a preservative. This non-disclosure, while at the same time branding the Products "No Preservatives" and free of preservatives was deceptive and likely to mislead a reasonable consumer, including Plaintiffs and Class members.

31. A representation that a product is "No Preservatives" and free of preservatives is material to a reasonable consumer when deciding to purchase a product.

32. Plaintiffs did, and a reasonable consumer would, attach importance to whether Defendant's Products are "misbranded," i.e., not legally salable, or capable of legal possession, and/or contain highly processed ingredients.

33. Plaintiffs did not know, and had no reason to know, that the Products were not natural or free of preservatives.

34. Defendant's Product labeling and misleading online and otherwise marketing campaign was a material factor in Plaintiffs' and Class members' decisions to purchase the Products. Relying on Defendant's deceptive and/or misleading Product labeling and other promotional material, Plaintiffs and Class members believed that they were getting Products that were "No Preservatives" and contain no preservatives. Had Plaintiffs known the truth about Defendant's Products, they would not have purchased them.

35. Defendant's Product labeling as alleged herein is deceptive and misleading and was designed to increase sales of the Products. Defendant's misrepresentations are part of their systematic Product packaging practice.

36.  At the point of sale, Plaintiffs and Class members did not know, and had no reason to know, that the Products were misbranded as set forth herein, and would not have bought the Products had they known the truth about them.

37.  Defendant's false and deceptive labeling is misleading and in violation of the FDCA, food labeling laws and consumer protection laws of each of the fifty states, the District of Columbia, Commonwealth of Puerto Rico, and U.S. Territories, and the Products at issue are misbranded as a matter of law. Misbranded products cannot be legally manufactured, advertised, distributed, held or sold in the United States. Plaintiffs and Class members would not have bought the Products had they known they were misbranded and illegal to sell or possess.

38.  As a result of Defendant's misrepresentations, Plaintiffs and thousands of others throughout the United States, Puerto Rico, and its territories, purchased the Products.

39.  Plaintiffs and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct in that they purchased Products with false and deceptive labeling and paid premium prices they otherwise would not have paid over other comparable products that did not claim to contain to be "No Preservatives" and/or without preservatives.

**Plaintiffs Were Injured as a Result of Defendant's Misleading and Deceptive Conduct**

40.  Defendant's labeling, as alleged herein, is false and misleading and was designed to increase sales of the Products at issue. Defendant's misrepresentations are part of their systematic labeling practice.

41.  Plaintiffs and Class members were exposed to and relied on Defendant's labeling, packaging, as well as extensive marketing campaign of the Products, including

misrepresentations made via social media as stated herein. At the time of purchase, Plaintiffs and  Class members read the labels on Defendant's Products, including labels which  represented that  the Products were "No Preservatives" and contained no preservatives.

42.    Defendant's labeling claims were a material factor in Plaintiffs and Class members' decisions to purchase the Products. Based on Defendant's claims, Plaintiffs and Class members   believed that the Products were a better and healthier choice than other available products.

51.    Plaintiffs and Class members did not know that the Products were neither "No Preservatives" nor free of preservatives. Plaintiffs and Class members would not have bought the purchased Products had they known that the Products all contain citric acid, which is highly  processed, industrially produced and used as a preservative.

53.    Plaintiffs and Class  members were exposed to these  misrepresentations prior to purchase and relied on them. As a result of such reliance, Plaintiffs and Class members deemed  the Products to be more preferable to other products which do not claim to be "No Preservatives" or free of preservatives. Plaintiffs and Class members would not have bought the Products had they  not been misled by Defendant's misrepresentations into believing that the Products were better  and healthier than they were.

54.    At the point of sale, Plaintiffs and Class members did not know, and had not reason  to know, that Defendant's Products were misbranded as set forth herein, and would not have  bought the Products had they known the truth about them.

55.    As a result of Defendant's misrepresentations, Plaintiffs and thousands of others throughout the United States purchased the Products.

56.    Defendant's labeling, advertising, and marketing as alleged herein is false and misleading and designed to increase sales of the Products. Defendant's misrepresentations are a  part of an extensive labeling, advertising and marketing campaign, and a reasonable person would attach important to Defendant's representations in determining whether to purchase the  Products at issue. Plaintiffs and Class members would not have purchased Defendant's  misbranded Products had they known they were misbranded.

57.    Plaintiff and the Class (defined below) have been damaged by Defendant's  deceptive and unfair conduct in that they purchased Products with false and deceptive labeling and paid premium prices they otherwise would not have paid over other comparable products  that did not claim to be "No Preservatives" or free of preservatives, all of which entitle the plaintiff and putative class to relief pursuant to Article 1802 of the Puerto Rico Civil Code.

58.    Plaintiff brings this action against Defendant on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a class defined as follows:

## CLASS ACTION ALLEGATIONS

59.    Plaintiff brings this suit as a class action on behalf of himself and on behalf of other similarly situated persons pursuant to Fed.R.Civ.P.23(a), 23(b)(2), and/or 23(b)(3). Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Classes may be expanded or narrowed.  The proposed Classes are defined as follows:

60. **Class:** All persons who purchased Chef Boyardee food products, sold in cans or other packaging, and include foods such as macaroni & cheese, spaghetti, ravioli, lasagna, mini bites pasta, whole grain pasta, fun flavor pasta, pizza and sauces, in the United States, District of Puerto Rico, and all U.S. territories, between September 2012, to and including the period following the filing date of this action.

61. Excluded from the Classes are: (1) Defendants, Defendant's subsidiaries, affiliates, officers, directors, assigns and successors, and any entity which Defendants have a controlling interest; (2) the Judge to whom this case is assigned and any member of the judge's immediate family; (3) anyone who purchased ChefBoyardee products, for the purpose of resale; and (4) anyone asserting claims for personal injury. Plaintiff reserves the right to modify the Class as further investigation and/or discovery so warrant.

62. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23 and case law thereunder.

63. **Numerosity**:  The members of the Classes are so numerous that joinder of all members is impracticable.  Plaintiff reasonably believes that the Classes are comprised of tens of thousands of consumers throughout Puerto Rico and the United States territories.

64. **Commonality**: Common questions of law and fact exist as to all members of the Classes. These common questions predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

   a. whether Defendant's  claims  regarding ChefBoyardee products is deceptive or misleading;

   b. whether Defendant engaged in false or misleading advertising;

     c.   whether Defendant's conduct as alleged herein violates the Puerto Rico's Deceptive, false, or misleading labeling Law and/or other U.S. territories unfair trade practices acts;

     d.   whether Defendant's conduct as alleged herein constitutes a breach of warranty;

     e.   whether Defendant's conduct as alleged herein constitutes unjust enrichment;

     f.   whether Plaintiff and Class members  have sustained monetary  loss and the proper measure of that loss; and

     g.  whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

These and other questions of law or fact which are common to the members of the Class and predominate over any questions affecting only individual members of the Class.

65.    **Typicality**: Plaintiff 's claims are typical of the claims of the members of the Class, as all Class members are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Classes, purchased Defendant's "No Preservatives" ChefBoyardee products after exposure to the same material misrepresentations and/or omissions appearing on the product packaging and on or in Defendant's marketing and advertising, and received a product that was not as represented. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

66.    **Adequacy**: Plaintiff' s claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

67.    Plaintiff is similarly situated in interest to all members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent

counsel. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

68. This suit may be maintained as a class action under Fed. R .Civ. P. 23(b) (2) because Defendant has acted, and/or refused to act, on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendant to: (i) discontinue advertising, marketing, packaging and otherwise representing ChefBoyardee products as superior; (ii) undertake an immediate public information campaign to inform members of the proposed Class as to their prior practices; and (iii) to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the "No Preservatives" products including without limitation, the placement of corrective advertising  and  providing written notice to the public.

69. In addition, this suit may be maintained as a class action under Fed. R. Civ .P. 23 (b) (3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation  necessitated  by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not individualize litigation inasmuch as it presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the

case. By contrast, the class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I (Breach of Express Warranty)

### Deceptive and Unfair Marketing

70. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-69 above as if fully set forth herein.

71. Plaintiff, and each member of the Class, formed a contract with Defendant at the time they purchased Defendants' "No Preservatives" ChefBoyardee products. The terms of that contract include the promises and affirmations of fact made by Defendant on the labels of Defendant's "No Preservatives" product and through the advertising and marketing campaign, as alleged above. ChefBoyardee "No Preservatives" product's labeling and advertising constitute express warranties, are part of the basis of the bargain, and are part of a standardized contract between Plaintiff and the members of the Class, on the one hand, and Defendant, on the other.

72. Alternatively, privity was established between Defendant and Plaintiff and Class Members because Defendant, and/or its agents, were substantially, if not completely responsible for directly promoting and marketing Defendant's "No Preservatives" ChefBoyardee products to Plaintiff and Class Members and Plaintiff and Class Members were directly promoted to and marketed to by Defendant prior to purchasing "No Preservatives" ChefBoyardee products resulting in the purchase of Defendant's product by Plaintiff and Class Members. By virtue of this direct promotion and marketing to

Plaintiff and Class Members, Defendant directly made an express warranty of "No Preservatives" products attributes and benefits to Plaintiff and Class Members.

73. All conditions precedent to Defendant's liability under the warranty have been performed by Plaintiff and the Class.

74. Defendant breached the terms of the express warranty by not providing a product that provided the benefits promised. The statements made by Defendant that warranted Defendant's claims of "No Preservatives" products having a superior nature, attributes and benefits were not "puffery" or mere opinion -they were statements and affirmations of specific benefits and superior performance over alternative and lower priced sources of "No Preservatives" constitute violations of the provisions of 23 LPRA § 1014 and 24 LPRA § 729, Rules 5 and 7 of the Regulations Against Deceitful and Misleading Advertising of Puerto Rico Department of Consumer Affairs, the Virgin Islands Consumer Fraud and Business Practices Act, 12A V.I.C. § 301 et seq.., and other territorial Consumer Fraud Protection Acts.

75. Plaintiffs and Class Members relied on these representations by Defendant in purchasing Defendant's "No Preservatives" ChefBoyardee instead of less expensive, but equally or more effective, alternative beverages.

76. As a result of Defendant's breach of warranty, Plaintiff and the Class have been damaged in the amount of the purchase price of Defendant's "No Preservatives" ChefBoyardee and have suffered other damages to be determined by proof at trial, entitling the Plaintiff and the putative Class to damages under Article 1802 of the Puerto Rico Civil Code.

**COUNT II (Unjust Enrichment)**

77.     Plaintiff re-alleges and incorporates by reference the allegations contained in
        paragraphs 1-39 above as if fully set forth herein.

78.     Plaintiff and Class members conferred a tangible economic benefit upon Defendant by
        purchasing ChefBoyardee products. Plaintiff and Class members would have expected
        remuneration from Defendant at the time this benefit was conferred had they known
        that ChefBoyardee products contained unnatural, synthetic, and/or artificial ingredients
        which is used as a preservative and was not "No Preservatives" food.

79.     As a direct and proximate result of Defendant's misconduct as set forth above,
        Defendant has been unjustly enriched at the expense of Plaintiff and Class members.

80.     It would be inequitable for Defendant to retain the profits, benefits and other
        compensation obtained by its wrongful conduct in marketing and selling of its "No
        Preservatives" ChefBoyardee products, which contained unnatural, synthetic, and/or
        artificial ingredients such as Citric Acid used as a preservative.  Plaintiff, on behalf of
        himself and Class members, seeks restitution from Defendant, and an order of this Court
        disgorging all profits, benefits and other compensation obtained by Defendant from the
        wrongful conduct.

81.     The Defendant's acts and omissions as well as their failure to use reasonable care in this
        matter as alleged in this complaint, including but not limited to, the knowing
        misrepresentation or failure to disclose the source, affiliation, origin, characteristics,
        ingredients, standards and quality of "No Preservatives" ChefBoyardee products
        constitute violations of the provisions of  23 LPRA § 1014 and 24 LPRA § 729,  Rules
        5 and 7 of the Regulations Against Deceitful and Misleading Advertising of Puerto Rico
        Department of Consumer Affairs, the Virgin Islands Consumer Fraud and Business

Practices Act, 12A V.I.C. § 301 et seq.., and other territorial Consumer Fraud Protection Acts.

82.    The Defendant's unconscionable, unfair, and deceptive acts and practices set forth in this Complaint are likely and reasonably foreseeable to mislead Plaintiff and members of the Class acting reasonably in their reliance on Defendant's acts and practices, and to their detriment.

83.    The Defendant engaged in the unconscionable, unfair, and deceptive acts or practices set forth in this Complaint in the conduct of trade or commerce, in violation of the provisions of 23 LPRA § 1014 and 24 LPRA § 729, Rules 5 and 7 of the Regulations Against Deceitful and Misleading Advertising of Puerto Rico Department of Consumer Affairs, the Virgin Islands Consumer Fraud and Business Practices Act, 12A V.I.C. § 301 et seq.., and other territorial Consumer Fraud Protection Acts.

84.    Defendant's misrepresentations or omissions as set forth in this Complaint are material in that they relate to matters which are important to consumers or are likely to affect the purchasing decisions or conduct of consumers, including Plaintiff and Class Members regarding Defendant's products.

85.    The Defendant's business practice, in its advertising, marketing, packaging, labeling and sales of its  ChefBoyardee products as  "No Preservatives"  justifying substantially higher prices over alternative sources of cheese, is an unconscionable, unfair, and deceptive act or practice, in violation of the  23 LPRA § 1014 and 24 LPRA § 729, in that it (1) offends established public policy, (2) is immoral, unethical, oppressive, or unscrupulous, and/or (3) is substantially injurious and caused actual damages to consumers, including Plaintiff and Class Members who purchased ChefBoyardee product because of Defendant's representations and conduct.

86.   Plaintiff and Class Members have suffered actual damages as a result of Defendant's violation and are entitled to relief pursuant to Article 1802 of the Puerto Rico Civil Code.

87.   As a direct and proximate cause of Defendant's violations of various applicable Consumer Protection Acts, Plaintiff and Class Members have incurred harm and damages as described herein, and are entitled to recover for those damages, including but not limited to, actual damages, costs, attorneys' fees, and injunctive relief, pursuant to Article 1802 of the Puerto Rico Civil Code and the various other Consumer Protection Acts.

## PRAYER FOR RELIEF

88.   **WHEREFORE,** Plaintiff, on behalf of herself and all members of the Classes defined herein, by the undersigned attorney, prays for judgment as follows:

- Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her legal counsel as Class legal counsel;

- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendants to: (i) discontinue advertising, marketing, packaging and otherwise representing ChefBoyardee products as containing "No Preservatives" (ii) undertake an immediate public information campaign to inform members of the proposed Class as to the prior practices; and (iii) to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of Chefboyrdee "No Preservatives" packaged food, including without limitation, the placement of corrective advertising and providing written notice to the public;

- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the Class all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice, a violation of laws, statutes or regulations, or constituting unfair competition or false advertising, in an amount no less than FIVE MILLION DOLLARS ($5,000,000.00);

- Distribution of any moneys recovered on behalf of members of the Class via fluid recovery or cy press recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of the wrongful conduct;

- Compensatory and other damages for economic and non-economic damages identified herein, including all damages allowed by governing statutes; as well as Statutory pre-judgment and post-judgement interest.

- Reasonable attorneys fees.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, on this the 20th day of September 2015.

/s/ *José R. Franco-Rivera*

**JOSE R. FRANCO-RIVERA, Esq.**

**USDC #129014**

P.O. Box 16834, San Juan, Puerto Rico 00907-6834

Tel. 787/407-7041; E mail address: jrfrancolaw@gmail.com